IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE KOKLICH, ) | 1:09-cv-01459-SMS-PC |
| Plaintiff, ) | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. ) | (Doc. 8.) |
| P. MENDOZA, ) | ORDER FOR CLERK TO CLOSE CASE |
| Defendant. ) | |

Plaintiff, Bruce Koklich ("Plaintiff") is a state prisoner proceeding with this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 17, 2009 at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.) On August 19, 2009, the case was transferred to the Fresno Division of the Eastern District of California. (Doc. 3.) On September 30, 2009, Plaintiff consented to Magistrate Judge jurisdiction, and no other party has appeared in this action. Local Rule Appendix A(k)(3). (Doc. 9.)

On September 11, 2009, the court issued an order requiring Plaintiff to either submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, or pay the $350.00 filing fee for this action, within forty-five days. (Doc. 8.) More than sixty days have now passed, and Plaintiff has not paid the filing fee or submitted an application.

///

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than four months. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by either submitting an application to proceed in forma pauperis or paying the filing fee for this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee or submit an application in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff failed to pay the filing fee upon commencement of this action, and Plaintiff failed again to pay the filing fee in response to the Court's order, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. <u>Id</u>. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on Plaintiff's failure to obey the court's order of September 11, 2009; and
2. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:    November 25, 2009**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

3